# WINONA AND ST. PETER RAILROAD COMPANY v. UNITED STATES.

## APPEAL FROM THE COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 602.   Submitted December 1, 1896. — Decided February 15, 1897.

Anterior to any claim of right under its grant by the Winona and St. Peter Railroad Company, by virtue either of filing its map of definite location or of surveying and staking its line upon the ground, a preëmption filing was placed upon the land. This filing was never cancelled. The claimant entered into possession and continued so either personally or through a tenant until after the construction of the railroad, and until after the railroad company had conveyed the land to a land company, and until an action of ejectment was brought by the land company. The court below was of opinion, in which this court concurs, that the land company could not be considered a purchaser in good faith from the railroad company; that it took its conveyance with notice, from possession, of all the rights and the claims of the party so in possession; that it therefore did not bring itself within the protecting clauses of the act of March 3, 1887, c. 376, 24 Stat. 556; and that there was nothing to stay the right of the Government to have the certification, so erroneously issued, cancelled.

This case distinguished from United States v. Winona & St. Peter Railroad Company, ante, 463.

THIS was a bill filed by the United States in the Circuit Court of the United States for the District of Minnesota against the Winona and St. Peter Railroad Company, the Winona and St. Peter Land Company, and Thomas Marshall, Jr. The suit was one to set aside the certification of a patent made to the State of Minnesota for the benefit of the defendant railroad company of the northeast quarter of section 35,

township 106 north, range 18 west, which certification was of date December 1, 1862. After answers, proof and an agreed statement as to certain facts, a decree was entered by the Circuit Court, August 29, 1894, dismissing the bill. On appeal to the Court of Appeals for the Eighth Circuit this decree was, on May 6, 1895, reversed, 32 U. S. App. 306, and the case remanded with instructions to enter a decree granting the relief prayed for.

It appears from the agreed statement that on July 3, 1857, Thomas Marshall, Jr., one of the defendants, made a preëmption filing at the proper local land office of the land in controversy, which filing was *prima facie* regular and valid, and was never cancelled on the records of the land office; the construction of the railroad of the defendant railroad company was conceded; and it was agreed that on the 1st of March, 1877, defendant Marshall, being still in possession and claiming to be the owner thereof, the defendant land company, which had a conveyance from the railroad company, commenced an action of ejectment against him in the District Court of Dodge County, Minnesota, that court having jurisdiction of the subject-matter; that Marshall appeared in such action, and such proceedings were had that on the 9th day of December, 1878, the court rendered judgment in favor of the plaintiff for the possession of the land; that no appeal was taken from such judgment, and that the same now remains in full force and effect; and that in pursuance thereof said Marshall surrendered possession to the defendant land company, and since that time the defendant land company has remained in possession and paid the taxes; that Marshall, on November 15, 1887, filed with the Commissioner of the General Land Office, and now has pending before the land department, an application for reinstatement of his rights to said land, which application has not been acted upon, as it is held by the said department that it has no jurisdiction to pass thereon. Other facts are agreed to, such as are stated in the opinion in the case No. 321 of the United States against the same railroad company and others just decided. *Ante,* 463.

*Mr. J. A. Tawney* for appellants.   *Mr. Tawney* and *Mr. II. M. Lamberton* filed a brief on behalf of the Winona and St. Peter Land Company, appellant.

*Mr. Solicitor General* for appellees.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The differences between this case and that referred to in the foregoing statement are these: Anterior to any claim of right by the railroad company, by virtue either of filing its map of definite location or of surveying and staking upon the ground its line, a preëmption filing was placed upon the land which was never cancelled. There remained, therefore, on the records until after the certification to the State a claim of a right to preëmpt. The party making this claim continued in possession by himself or tenant until not only the construction of the railroad, but until after the conveyance by the railroad company to the land company, and so remained in possession until a suit of ejectment was brought by the land company in 1877.

On the strength of these facts the Court of Appeals was of opinion that the land company could not be considered one purchasing in good faith from the railroad company; that it took its conveyance with notice, from possession, of all the rights and claims of the party so in possession, and therefore that it did not bring itself within the protecting clauses of the act of March 3, 1887, c. 376, 24 Stat. 556, and there was nothing to stay the right of the government to have this certification so erroneously issued cancelled. With that conclusion we concur. That the land was erroneously certified is, under the prior decisions of this court, not open to question; and the acts of 1887 and 1896 have, as indicated in the opinion in the prior case, the purpose of protecting only that party whose purchase from the railroad company must be considered one in good faith. It is essential to the protection of these statutes that the party purchasing from

the railroad company has no notice by any fact subsequent to and independent of the certification or patent of any defect in title.    Such a purchaser cannot claim to be one in good faith if he has notice of facts outside the records of the land department disclosing a prior right.    The protection goes only to matters anterior to the certification and patent.    The statute was not intended to cut off the rights of parties continuing after. the certification, and of which . at the time of his purchase the purchaser had notice.    Only the purely technical claims of the government were waived.

Here the claimant Marshall was in possession; had been in possession for twenty years; .the land was not wild and vacant land.    His- possession was- under a recorded claim of title, and . under such a claim as forbade the issue of a patent.    In other words, the land was erroneously certified. There was, and continued to be, an individual claimant for the land.    There was no cancellation on the records of the land department of  his claim.    He continued in possession, and was in possession not only when- the certification was made but when the land company purchased.    Its purchase,  therefore, was not one made in good faith, and there is nothing disclosed to stay the mandate of the statute for the adjustment of the land grant, and a suit to set aside the certificate erroneously issued.    The decree of the Court of Appeals is

*Affirmed.*